## WOOD v. WOOD.

1. WILL.—The will in this case construed to give the daughters of tes-
    tator a life estate with remainder in fee simple to their children, and
    to the son a fee simple.

2. DEVISEES—LIMITATION OF ESTATES.—If two devisees having a life estate in lands exchange parts of the devise, the parts so exchanged are held by each under like limitations.

3. ACCOUNTING—MASTER.—It is not error in Circuit Judge to recommit a cause to the master to take an accounting.

Before WATTS, J., Barnwell, August, 1895. Affirmed.

Action by Nellie Forest Wood, an infant, by her guardian *ad litem*, Mallie Susan DeWitt, against J. N. Wood, as executor of the last will and testament of W. L. Wood, deceased, and as testamentary guardian of the plaintiff, Nellie Forest Wood, for accounting. Judgment for plaintiff. Defendant appeals.

*Mr. S. G. Mayfield*, for appellant.

*Messrs. Bates & Simms*, contra.

Feb. 21, 1896. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action brought by the plaintiff, who is an infant, against the defendant, J. N. Wood, as executor of the estate of her father, the late W. L. Wood, and as her testamentary guardian, for an accounting of the rents and profits of a certain tract of land, devised to her by the will of her grand-father, the late H. C. Ray. The plaintiff also seeks the removal of the said J. N. Wood from his office as such guardian, for the reasons stated in her complaint. The cause was referred to the master to take and report the testimony. Whilst the reference was in progress under said order, Mrs. Willie J. Wood, the wife of the deceased, W. L. Wood, Haskell Wood, and Lawton Wood, children of said Willie J. Wood by W. L. Wood, petitioned to be made parties to this action, which petition was granted.

H. C. Ray departed this life on or about the 14th day of August, 1862, leaving in force and effect the following will:

"The State of South Carolina, Barnwell District. To all whom these presents shall come, greeting: I, H. C. Ray, being of sound disposing mind and memory, do make and

declare this to be my last will and testament, in manner and form following: 1st. Being desirous of securing a comfortable home for my affectionate and much beloved wife and children, I hereby give and bequeath unto my said wife, Martha J. Ray, the plantation on which I now reside known as the home place, and contains 300 acres, for and during the term of her natural life, the same in no wise to be subject to the debts, contracts, liabilities or engagements of any husband she may hereafter marry; and at her death I give and bequeath the said plantation or tract of land to such of her children by me begotten as may be living at the time of her death, to be divided among them share and share alike. 2d. The rest and residue of my estate both real and personal (my interest in the saw mill now owned by father and self excepted) I give to my said wife, to be used and enjoyed by her so long as she may remain my widow; subject, however, to the following provisions and restrictions: That is to say, provided my executors (hereinafter to be named) at any time consider it advisable for the interest of my children that my estate should be sold; then and in such case he is hereby empowered to do so; and the interest arising from such sale or sales to be paid annually to my said wife so long as she may remain my widow, in order to the support of herself, and the support, maintenance, and education of my children by her begotten; the plantation on which I now reside is not to be disposed of by my executor under any circumstances during the lifetime of my wife; if after her death it be necessary, in order to a proper division of the same among my children living at the death of my wife, that the same should be sold, then and in such case, I do hereby empower my executors to sell the same at public auction. 3d. It is my will and I do hereby instruct my executors to give off to each of my children as they come of age or marry, the portion of my estate they may be entitled to under this my last will, which will be an equal share with his or her brothers and sisters in two-thirds of my estate exclusive of the plantation disposed of in the first

clause of this my last will, as it is my desire that my wife may not be disturbed in the enjoyment of the same during the term of her natural life. 4th. In order to the proper division of my estate among my children, I hereby instruct and empower my executors to have the same appraised upon the coming of age or marriage of either of them, allotting one-third to my wife, to be held and enjoyed by her so long as she may remain my widow; the balance two-thirds to be equally divided among my children. 5th. Should a sale of my estate be made by my executors before the marriage or coming of age of either of my children, my executors will pay over to them upon the marriage or coming of age their distributive interest of my estate, that is an equal proportion of two-thirds of the same. The portion that either of my daughters may be entitled to under this my last will, I give to her during the term of her natural life, the same to be in no wise subject to the debts, contracts or engagements of any husband she may marry, and at her death I give and bequeath the same to such issue of her body as may be living at the time of her death. 6th. The portion that either or any son of mine may be entitled to under this my last will, I give to him absolutely free and discharged from all limitations and restrictions whatsoever. 7th. In order that I may not be misunderstood as to the disposal of my estate, I will here state that I desire that my wife during the term of her natural life shall be permitted to use, occupy and enjoy the plantation upon which I now reside. That so long as she remains my widow, the entire income of my estate shall be due and going to her except the income of so much of my estate as may be going to either of my children upon their coming of age or marriage; until the happening of either of these events she is to enjoy the entire estate so long as she remains my widow. That upon the severance of the interest of either of my children my wife is to receive the entire income of the balance of my estate, until the severance of the interest of another of my children, and so on, till the happening of the contingency

that will entitle either and all of my children to a separate portion of my estate. All interest my wife may be entitled to under this my will shall cease and determine in the event of her second marriage, except the interest given her in the plantation upon which I now reside. In the event of her marriage my executor will proceed at once to reduce to possession all my personal estate, and divide the same equally among such of my children as may then be living. My executor may sell or partition my real estate among my children as he may think most advisable. 8th. I do hereby nominate, constitute and appoint my father, Charles Ray, executor of this my last will and testament, and at his death I hereby appoint my brother, Benjamin L. Ray, my executor. In witness whereof I have hereunto set my hand and seal, this the 13th day of May, Anno Domini 1862."

At the time of his death, the testator left surviving him his widow, Martha J. Ray, his son, S. E. Ray, and two daughters, Mallie Susan Ray and Janie E. Ray. Some years thereafter, the widow married one W. J. Rowe, who became the general guardian of the said three children, who were at that time minors.

In the year 1879, S. E. Ray and his sister, Mallie Susan Ray, who had in the meantime married L. W. DeWitt, attained their majority. Whereupon commissioners were appointed, and made partition of the land among the three children, all of whom immediately went into possession of their respective portions. The said W. J. Rowe represented the said Janie E. Ray as her general guardian; subsequently the said Janie E. Ray married W. L. Wood. By an agreement between Mallie Susan DeWitt and Janie E. Wood, an exchange was made of portions of the land which had been assigned to these two parties in the said partition. Janie E. Wood received twenty-nine acres from Mallie Susan DeWitt, and the latter received from Janie E. Wood thirty-five acres. Both of them duly entered into the possession of their respective lands so exchanged.

Thereafter, to wit: on the 27th day of July, 1884, the said

Janie E. Wood died intestate, leaving no estate, and the plaintiff, Nellie Forest Wood, as the only issue of her body, who at that time was, and is now, a child of tender years. A few weeks prior to her mother's death, the plaintiff, Nellie Forest Wood, was taken in charge by her aunt, the said Mallie Susan DeWitt, owing to the illness of her mother; and since that time Mallie Susan DeWitt has provided her with a home, with such care and protection as her love and circumstances would warrant and permit. The same year, plaintiff's father, on his petition, was appointed the general guardian of this plaintiff by the probate judge of said county, and filed his bond, with his brother, the defendant, J. N. Wood, as surety thereon. About two years thereafter, W. L. Wood married again, and departed this life in 1891, leaving a will, with his brother, J. N. Wood, as executor, and also appointed him the testamentary guardian of this plaintiff, and of Lawton and Haskell Wood, his children by the second marriage aforesaid. Under this will, all his property was left to his second wife and the offspring of his second marriage, except what in said will he terms the plaintiff's interest in her mother's estate and in the estate of her grand-father, H. C. Ray. J. N. Wood qualified as executor and testamentary guardian aforesaid, but is now, and was at the time of his brother's death, a resident of Georgia.

The presiding Judge decided that W. L. Wood had no interest under the will of H. C. Ray; that Janie E. Wood, his wife, held only a life interest in the land devised to her by said will, and that upon her death the estate vested absolutely in the plaintiff, Nellie Forest Wood, and that she is entitled to the rents and profits arising and accruing from the land devised to her, from the year 1884 to the present time, together with the interest thereon, which he declared to be the first lien upon the estate left by the said W. L. Wood at the time of his death, less the credits said estate may be entitled to, which may be reported by the master hereafter, upon his taking the accounting under said decree.

The defendant, J. N. Wood, appealed to this Court upon the following exceptions:

1st. Because his Honor erred in holding that Nellie Forest Wood, daughter of Janie E. Ray Wood, took a fee simple estate, on the death of her mother, in the property which her said mother received under the said will of Hugh C. Ray.

2d. That his Honor erred in not holding that Jane E. Ray Wood, the daughter of Hugh C. Ray, took said lands in fee simple under the will of her father, Hugh C. Ray, and was the absolute owner thereof, and at her death that W. L. Wood, her surviving husband, was entitled to his distributive portion thereof.

3d. Because his Honor erred in holding that Nellie Forest Wood, at the death of her mother, took in fee simple the lot of land which Mallie Susan DeWitt traded to Jane E. Ray Wood after the death of their said father, Hugh C. Ray, and under his said will.

4th. That his Honor erred in not holding that said lot of land received by Jane E. Ray Wood from Mallie Susan DeWitt descended to Nellie Forest Wood and her father, W. L. Wood, upon the death of her mother, the said Jane E. Ray Wood, according to the law of distribution in this State.

5th. Because his Honor erree in not finding what amount, if any, was due and owing to the plaintiff by the defendant, J. N. Wood, as executor and in his own right, and to these defendants, by the estate of W. L. Wood.

The first and second exceptions will be considered together. The appellant contends that the testator, H. C. Ray, intended that his children should take a fee-simple under his will, if the land should be divided without a sale, but that in case of a sale for a division, then the limitation upon their holding in fee-simple, mentioned in the fifth clause of the will, would become operative. We cannot accept this view, for the will should be construed as a whole, and effect, if possible, given to every part of it. The construction which the Court places upon this will gives effect to all the different parts. It will be

observed that the testator does not make use of words indicating an absolute fee-simple in devising the land to his *daughters*, but does use such words in the sixth clause of his will in giving to his *son.* The second sentence of the fifth clause of the will is not controlled by the first sentence of the said fifth clause, but is to be regarded as an independent clause, as much so as the sixth clause of the will. The testator evidently desired to make a distinction between his daughters and his son as to the title by which they should hold said lands. The last sentence of section 5 indicates the manner in which he intended the daughters should hold the lands, and section 6 the manner in which his son should hold the property devised to him. These exceptions must, therefore, be overruled.

The third and fourth exceptions will be considered together. Having reached the conclusion that Nellie Forest Wood took a fee-simple estate, on the death of her mother, in the property which her mother received under the will of H. C. Ray, we do not see what right the appellant has to raise any question as to the right of the plaintiff's mother and Mallie Susan DeWitt to exchange portions of their land. This exception must, therefore, be overruled.

We do not think that the fifth exception can be sustained. The order of reference made by his Honor was for the purpose of having the accounts stated between the parties, and in this we see no error.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.